

CORPORATION SERVICE COMPANY

# Notice of Service of Process

CZG / ALL
Transmittal Number: 7789478
Date Processed: 07/02/2010

| | |
|---|---|
| Primary Contact: | Ms. Susan Small<br>Assurant Group<br>260 Interstate North Circle NW<br>Atlanta, GA 30339-2111 |
| Entity: | American Bankers Insurance Company of Florida<br>Entity ID Number  0470861 |
| Entity Served: | American Bankers Insurance Company of Florida |
| Title of Action: | William Sheridan vs. American Bankers Insurance Company of Florida |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court: | Harris County District Court, Texas |
| Case Number: | 2010-35511 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 07/01/2010 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | William T. Jones, Jr.<br>(713) 757-1400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



EXHIBIT A

| | | |
|---|---|---|
| | RECEIPT NUMBER 403424 | 0.00 |
| | TRACKING NUMBER 72543295 | ATY |

CAUSE NUMBER 201035511

| | |
|---|---|
| **PLAINTIFF:** SHERIDAN, WILLIAM<br>vs.<br>**DEFENDANT:** AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA | **In The** 11th<br>**Judicial District Court of**<br>**Harris County, Texas** |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

*bd*
*7-1-10*

TO: AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA BY SERVING ITS ATTORNEY
FOR SERVICE/REGISTERED AGENT CORPORATION SERVICE COMPANY

701 BRAZOS STREET SUITE 1050  AUSTIN TX 787013232

Attached is a copy of ___PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE___.

This instrument was filed on the ___9th___ day of ___June___, 20 ___10___, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ___10th___ day of ___June___, 20 ___10___.

Issued at request of:
JONES, WILLIAM TRUMAN JR.
440 LOUISIANA #1600
HOUSTON, TX 77002
Tel: (713) 757-1400
Bar Number:  24032601

**LOREN JACKSON, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O. Box 4651, Houston, Texas 77210**

Generated by: BRANTLEY, FURSHILLA   U1K/U1K/87285

---

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____, 20____, at_____ o'clock ____.M., endorsed the date of delivery thereon, and executed it at _____,
 (street address)                              (city)

in _____ County, Texas on the _____ day of _____, 20____, at_____ o'clock ____. M.,
by delivering to _____, by delivering to its
 (the defendant corporation named in citation)

_____ _____, in person, whose name is _____,
(registered agent, president, or vice-president)

a true copy of this citation, with a copy of the _____ Petition attached,
                                              (description of petition, e.g., "Plaintiffs Original")

and with accompanying copies of _____.
                               (additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $ _____

By: _____
    (signature of officer)
Printed Name: _____

_____                    As Deputy for: _____
Affiant Other Than Officer                                           (printed name & title of sheriff or constable)

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 _____.

                                                          _____
N.INT.CITC.P                                                     Notary Public

| | | |
|---|---|---|
| **2010-35511 / Court: 011** | | Filed 10 June 9 A11:38<br>Loren Jackson - District Clerk<br>Harris County<br>ED101J015818244<br>By: Furshilla Brantley |

CAUSE NO. _____

| | | |
|---|---|---|
| WILLIAM SHERIDAN AND WANDA SHERIDAN<br>*Plaintiffs* | § § § § | IN THE DISTRICT COURT OF |
| v. | § § | HARRIS COUNTY, TEXAS |
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA<br>*Defendant* | § § § § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

William Sheridan and Wanda Sheridan ("Plaintiffs") file this *Plaintiffs' Original Petition*, complaining of American Bankers Insurance Company of Florida ("Defendant"), and would respectfully show as follows:

## I.
## DISCOVERY CONTROL PLAN

1. Plaintiffs request that discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

## II.
## PARTIES

2. Plaintiffs are individuals residing in Harris County, Texas.

3. Defendant American Bankers Insurance Company of Florida is an insurance company engaged in the business of insurance in Texas, and may be served with process through its Attorney for Service/Registered Agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232.

4. The Clerk is requested to issue Citation.

## III.
## JURISDICTION AND VENUE

5. This Court has jurisdiction over this case because the amount in controversy is within the jurisdictional limits of the Court, and because the events giving rise to Plaintiffs' claims occurred in this jurisdiction.

6. This Court has jurisdiction over Defendant because this Defendant committed a tort in Texas and because this Defendant engages in the business of insurance in Texas.

7. Venue is proper in this county because the property at issue in this case is in this county, and because the events giving rise to this lawsuit occurred in this county.

## IV.
## FACTS

8. On September 13, 2008, Plaintiffs owned certain real property with improvements and personal property located at 5315 Blue Creek, Humble, TX 77345 (the "Property"), which was insured by insurance policy number THA011109500, issued by Defendant (the "Policy").

9. On September 13, 2008, Hurricane Ike struck Southeast Texas, causing severe damage to the Property.

10. After Hurricane Ike, Plaintiffs made a claim (claim no. 00100604655) and demand for payment on Defendant for damages to the Property and other damages covered by the terms of the Policy (the "Claim").

11. Defendant failed to comply with the Policy, the Texas Insurance Code, and Texas Law in handling Plaintiffs' claim. Further, Defendant has refused to pay all amounts due and owing under the Policy for the Claim.

12. Plaintiffs have complied with any and all of Plaintiffs' obligations under the Policy.

## V.

## CAUSES OF ACTION

### A. Count One: Breach of Contract.

13. The Policy is a valid, binding and enforceable contract between Plaintiffs and Defendant. Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant's breach proximately caused Plaintiffs' injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiffs.

### B. Count Two: Unfair Settlement Practices.

14. Defendant violated TEX. INS. CODE. § 541.060(a) by engaging in Unfair Settlement Practices.

15. Defendant engaged in Unfair Settlement Practices by:

   a) Misrepresenting to Plaintiffs material facts or policy provisions relating to the coverage at issue;

   b) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendant's liability under the Policy was reasonably clear;

   c) Failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law for Defendant's denial of the Claim or offer of a compromise settlement of the Claim;

   d) Failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs or to submit a reservation of rights to Plaintiffs; and/or

   e) Refusing to pay Plaintiffs' Claim without conducting a reasonable investigation with respect to the Claim.

16. Each of the foregoing unfair settlement practices were completed knowingly by Defendant, and were a producing cause of Plaintiffs' injuries and damages.

### C. Count Three: Prompt Payment of Claims.

17. The Claim is a claim under an insurance policy with Defendant, of which Plaintiffs gave Defendant proper notice. Defendant is liable for the Claim. Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

   a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiffs all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

   b) Failing to notify Plaintiffs in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

   c) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

### D. Count Four: Breach of the Duty of Good Faith and Fair Dealing/Bad Faith.

18. Defendant breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Defendant knew or should have know that liability was reasonably clear. Defendant's conduct proximately caused Plaintiffs injuries and damages.

### E. Count Five: Violations of the Texas Deceptive Trade Practices Act.

19. Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, *et seq.* ("D.T.P.A.") by engaging in "false, misleading or deceptive acts and practices."

20. Plaintiffs are "consumers" in that Plaintiffs acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

21. Defendant committed numerous violations of the D.T.P.A., insofar as Defendant:

William Sheridan and Wanda Sheridan v. American Bankers Insurance Company of Florida  4
Plaintiffs' Original Petition

a) Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

b) Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

c) Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

d) Generally engaged in unconscionable courses of action while handling the Claim; and/or

e) Violated the provisions of the Texas Insurance Code described herein.

22. Defendant took advantage of Plaintiffs' lack of knowledge, ability, experience or capacity to a grossly unfair degree and to Plaintiffs' detriment. Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendant's violations of the D.T.P.A., Plaintiffs suffered actual damages. In addition, Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiffs to three times Plaintiffs' damages for economic relief and mental anguish.

### F. Count Six: Common Law Fraud.

23. Defendant knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiffs with the intent of inducing Plaintiffs to accept a denial and/or underpayment of insurance benefits. Defendant allowed Plaintiffs to use this information, or lack thereof, in justifiable reliance in accepting the denial and/or underpayment. Plaintiffs relied upon said statements in accepting the denial and/or underpayment for the Claim, and suffered injury as a result.


## VII.
## DAMAGES

24. Upon the trial of this case, it shall be shown Plaintiffs were caused to sustain damages as a result of Defendant's conduct. Plaintiffs respectfully request the Court and jury award the amount of loss Plaintiffs have incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiffs for the injuries, damages and losses incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiffs seek every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiffs' actual damages, policy benefits, pre judgment interest, post judgment interest, court costs, attorneys' fees, treble damages, statutory interest, mental anguish damages, and exemplary damages.

## VIII.
## JURY DEMAND

25. Plaintiffs request a jury trial, and herewith tender a jury fee.

## IX.
## REQUEST FOR DISCLOSURE

26. Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose the information or material described in Rule 194.2.

## X.
## PRAYER

27. **WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that final judgment be rendered for Plaintiffs as follows:

1) Judgment against Defendant for actual damages in an amount to be determined by the jury;

2) Statutory penalties;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre judgment interest as provided by law;

6) Post judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit; and

9) Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

CLARK, BURNETT, LOVE & LEE, G.P.

BY: /s/ William T. Jones, Jr.
**Riley L. Burnett, Jr.**
State Bar No. 03428900
**William T. Jones, Jr.**
State Bar No. 24032601
440 Louisiana, Suite 1600
Houston, Texas 77002
Telephone: (713) 757-1400
Facsimile: (713) 425-5315

**ATTORNEYS FOR PLAINTIFF**



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this June 9, 2010

Certified Document Number:  45522409 Total Pages: 7

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com