## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM SHERIDAN, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2455 |
| | § | |
| AMERICAN BANKERS | § | |
| INSURANCE COMPANY OF | § | |
| FLORIDA, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This insurance coverage dispute is before the Court on the Motion to Compel Appraisal and Abate the Case Pending Appraisal ("Motion") [Doc. # 11] filed by Defendant American Bankers Insurance Company of Florida ("ABIC"), to which Plaintiffs William and Wanda Sheridan filed a Response [Doc. # 13], and ABIC filed a Reply [Doc. # 16]. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court **grants** the Motion.

## I.    FACTUAL BACKGROUND

Plaintiffs' home was insured under a Texas Residential Insurance Policy (the "Policy") issued by ABIC. The Policy includes a provision that allows either party to make a written demand for an appraisal if the parties fail to agree on the actual

value of a loss.  *See* Policy Appraisal Provision, ¶ 7, attached to Motion as Appendix, p. 5.

Plaintiffs' home suffered damage during Hurricane Ike.  As a result, Plaintiffs filed a claim under the Policy with ABIC on September 15, 2008.

On November 13, 2008, ABIC informed Plaintiffs that ABIC had determined that the value of the damage was below the deductible under the Policy and, therefore, there would be no payment under the Policy.  During the following months, Plaintiffs communicated frequently with ABIC's claims department complaining about ABIC's valuation of the damage to Plaintiffs' home.

ABIC reviewed Plaintiffs' claims and ultimately agreed that the damage to Plaintiffs' home exceeded the deductible.   ABIC so notified Plaintiffs and, on December 31, 2008, ABIC tendered payment to Plaintiffs of $2,315.42.  Plaintiffs received the payment and there were no further communications between Plaintiffs and ABIC until June 8, 2010, when ABIC was contacted by an attorney representing Plaintiffs.

Plaintiffs filed this lawsuit in Texas state court on June 9, 2010, and ABIC was served on July 1, 2010.  ABIC removed the case to federal court and filed its answer on July 9, 2010.  In its Answer, ABIC invoked the right to an appraisal.  *See* Answer

[Doc. # 2], ¶ 7.  ABIC then filed this Motion, which has been fully briefed and is ripe for decision.

## II.   ANALYSIS

### A.   Appraisal Obligations

"An appraisal clause 'binds the parties to have the extent or amount of the loss determined in a particular way.'"  *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 895 (Tex. 2009) (quoting *In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002)).  Though the line between the two is not always clear, the scope of appraisal is limited to questions of damages, not liability.  *Johnson*, 290 S.W.3d at 889-90.

The Texas Supreme Court recently enunciated a strong policy in favor of enforcing appraisal clauses in insurance contracts regardless of concerns that may exist about the scope of appraisal.  *See id.* at 888-89, 895.  The court noted that virtually all homeowners insurance policies contain appraisal clauses as a method for resolving disputes about the "amount of loss" for a covered claim, and stated that, like other contractual provisions, appraisal clauses should be enforced.  *Id.*  "Unless the 'amount of loss' will never be needed," the court stated, "appraisals should generally go forward without preemptive intervention by the courts."  *Id.* at 895.

In this case, Plaintiffs do not dispute that the Policy contains a valid appraisal clause.  It is clear that the parties do not agree about the value of the damage to

Plaintiffs' home caused by Hurricane Ike, and that ABIC has invoked the Policy's provision for an appraisal.

### B. Waiver

Plaintiffs argue that ABIC waived the right to invoke the appraisal provision in the insurance policy. Waiver is an affirmative defense that can be successfully maintained against a party who intentionally relinquishes a known right or engages in intentional conduct inconsistent with asserting that right. *In re Acadia*, 279 S.W.3d 777, 779 (Tex. App.—Amarillo 2007, orig. proceeding) (citing *Tenneco, Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996)); *In re State Farm Lloyds, Inc.*, 170 S.W.3d 629, 634 (Tex. App.—El Paso 2005, orig. proceeding). The key inquiry is the question of intent to waive the right. *Id.* (citing *Rodriguez v. Classical Custom Homes, Inc.*, 176 S.W.3d 928, 932 (Tex. App.—Dallas 2005, no pet.)). "Silence or inaction, for so long a period as to show an intention to yield the known right," is sufficient to prove waiver. *Tenneco*, 925 S.W.2d at 643. The party asserting waiver of an appraisal clause has the burden of proof. *In re State Farm Lloyds,* 170 S.W.3d at 634; *Laas v. State Farm Mut. Auto. Ins. Co.*, 2000 WL 1125287, at *7 (Tex. App.—Houston [14th Dist.] Aug. 10, 2000, pet. denied) (citing *Emscor Mfg., Inc. v. Alliance Ins. Group.* 879 S.W.2d 894, 917 (Tex. App.—Houston [14th Dist.] 1994, writ denied)).

Waiver is ordinarily a question of fact, but where the facts are admitted or clearly established, it becomes a question of law. *Tenneco*, 925 S.W.2d at 643. "The trial court may determine whether an appraisal has been waived as a matter of law at the preliminary stages of litigation." *Laas*, 2000 WL 1125287 at *6 (citing *Terra Industries, Inc. v. Commonwealth Ins. Co. of America*, 951 F. Supp. 581, 602. (N.D. Iowa 1997)).

The Texas Supreme Court explained over a hundred years ago, in a case involving an insurer's alleged waiver of the right to invoke an appraisal clause in an insurance contract,

> the acts relied on as constituting waiver should be such as are reasonably calculated to make the assured believe that a compliance on his part with the stipulations providing the mode of proof of loss and regulating the appraisement of the damage done is not desired, and that it would be of no effect if observed by him.

*Scottish Union v. Clancy*, 18 S.W. 439, 441 (Tex. 1892).

When a policy is silent as to time, the law will require that the demand for appraisal be made within a reasonable amount of time. *Laas*, 2000 WL 1125287 at *6 (citing *Lion Fire Ins. Co. v. Heath,* 68 S.W. 305, 306 (Tex. Civ. App. 1902, no writ)). "An insurance company cannot merely wait its own time to make a demand for appraisal, but must make it 'in a seasonable and reasonable time.'" *Id.* (quoting *Boston Insurance Co. v. Kirby*, 281 S.W. 275, 276 (Tex. Civ. App.—Eastland 1926,

no writ)).  The proper point of reference for determining whether an insurer waived the right to invoke appraisal by delay is the point at which the insurer knew the appraisal clause could be invoked because of a disagreement over the amount of damages, that is, the point of impasse with the insured.  *Laas*, 2000 WL 1125287 at *6 (citing *Terra Industries*, 951 F. Supp. at 603); *see also Dwyer v. Fidelity Nat. Property and Cas. Ins. Co.*, 565 F.3d 284, 288 (5th Cir. 2009).

In this case, ABIC evaluated and reviewed their determination of Plaintiffs' claim for a little over three months after Plaintiffs filed their claim.  On December 31, 2008, ABIC tendered payment to Plaintiffs for that claim and, thereafter, there were no further communications between the parties.  There was no basis at that point for ABIC to believe that there remained a dispute with Plaintiffs and that the parties were at an impasse.

On June 9, 2010, Plaintiffs filed this lawsuit, thereby giving ABIC notice that there was a dispute that had reached an impasse.  When ABIC filed its Answer on July 9, 2010, nine days after ABIC was served with process, it gave Plaintiffs timely written notice that it was invoking its right under the Policy to require an appraisal. The Court concludes, based on the undisputed evidence in the record, that ABIC did not waive its right to an appraisal.

C.    **Request for Abatement**

ABIC argues that the lawsuit should be abated until the appraisal process is completed.[1]  The Court notes that this case has been pending since June 2010.  The current deadline for the parties to complete discovery is June 30, 2011, and the case is scheduled for docket call on September 22, 2011.  The Court believes that additional discovery, including the results of the appraisal, are necessary to trial and/or may facilitate an amicable resolution of this dispute.  As a result, the Court exercises its discretion to deny ABIC's request that the case be abated until the appraisal process is completed.  The Court will, however, entertain agreed requests by the parties for brief extensions of the discovery and other remaining deadlines.

## IV.   CONCLUSION AND ORDER

It is uncontested that the insurance policy at issue in this case includes an appraisal provision.  The Court concludes, based on the undisputed record, that ABIC made a prompt and timely demand for appraisal after the parties reached an impasse.  As a result, ABIC did not waive its right to enforce the appraisal provision.

This case has been pending for quite some time and the discovery deadline is June 30, 2011.  Because the completion of discovery may assist the parties in

---

[1]   Plaintiffs argue that the Court cannot abate this lawsuit because the appraisal provision is not a condition precedent to litigation.  This argument has been rejected by the Texas Supreme Court.  *See State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 894 (Tex. 2009).

resolving this dispute, the Court declines to abate the case pending the completion of the appraisal process.  It is hereby

**ORDERED** that the Motion to Compel Appraisal and Abate the Case Pending Appraisal [Doc. # 11] is **GRANTED** as to the portion seeking an order compelling appraisal in accordance with the Policy and **DENIED** as to the portion seeking abatement of the case pending completion of the appraisal process.  At either party's request, the appraiser(s) should use a form of appraisal award similar to that attached as an appendix to the Motion.

SIGNED at Houston, Texas, this 21st day of **April, 2011.**

Nancy F. Atlas
United States District Judge